# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| v. | ) | **2:95-CR-129-JHH-TMP** |
| **NOAH BROADNAX, JR.** | ) | |

### MEMORANDUM OF DECISION REGARDING ORDER DENYING MOTION TO REDUCE TERM OF IMPRISONMENT

On March 5, 2008, the movant, acting pro se, filed a motion (doc. #1657) pursuant to 18 U.S.C. § 3582 for reduction of term of imprisonment, requesting that this court modify or reduce his sentence. For the reasons stated herein, the court concludes that the motion for reduction of sentence should be **DENIED**, and a separate order to that effect will be entered.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, #706, (the Crack Amendment) represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses. In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two

levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the Crack Amendment, became effective on November 1, 2007.[1]  Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the Crack Amendment retroactive. The effective date for retroactive application of the Crack Amendment became March 3, 2008.  The U.S.S.C. also amended Guideline § 1B1.10 to include the Crack Amendment (hereinafter referred to as "the amended policy statement").  As such, as of March 3, 2008, the Crack Amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (Doc. #1657) of Noah Broadnax, Jr. to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2).  The motion seeks the benefit of the Crack Amendment and the amended policy statement.

The focus of the § 3582(c)(2) motion is the 360 month statutory minimum sentence of 360 months imposed upon movant under Count 2.[2]  Movant was found

---

[1]   At this point, none of the amendments had any retroactive effect.

[2]   The movant was also convicted under Counts 125, 127 and 128 and was sentenced to 240 months to be served concurrently to the sentence in Count 2.

guilty of this charge and was sentenced on May 30, 1996.  Count 2 charged 24 persons with a long-running conspiracy under 21 U.S.C. § 846 to violate 21 U.S.C. § 841.  The conspiracy was largely a "family business" utilizing a number of persons outside the family to help market cocaine base and involved in excess of 4,500 grams of cocaine base.  At the time the movant was sentenced, the court attributed to Broadnax over 5,100 grams of cocaine base in accordance with its findings on March 19, 1996.

The following chart sets forth the application of the crack amendment to the instant case:

| Name of Offender | NOAH BROADNAX, JR | Docket Number | 2:95-CR-129-JHH-TMP |
|---|---|---|---|
| Total Offense Level | 42 | Offense(s) of Conviction | 21 USC  841 (b)(1)(A) |
| Criminal History Cat. | I | Date and Sentence Imposed | 5/30/1996 360 MONTHS |
| Guideline Range | 360-LIFE | Post Booker Sentence (1-12-2005) | Yes     No ✓ |

A review of the sentencing issues now confronting this court includes, but is not limited to, the following:

1.  the movant originally faced a minimum guideline sentence of 360 months; and

2. application of the amended guideline to the facts of this case does not change the original guideline range of 360 months to life;

Pursuant to U.S.S.G § 1B1.10, this court finds that the movant is not eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). [3]

A separate order will be entered denying the motion.  Movant's attention is directed to the "Notice Concerning Appeals" set out below.

## NOTICE CONCERNING APPEALS

A § 3582(c) motion is considered a continuation of the criminal proceeding. A notice of appeal must be filed within ten days from the entry of the judgment or order being appealed.  See *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks*, 2008 WL 351386 (11th Cir. 2008); *Fed.R.App.P.* 4(b)(1)(A)(i).  If the movant was represented by appointed counsel in the Northern District of Alabama at trial or on appeal, movant will not be required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion.  That status will be granted for appeal purposes.  If movant was represented by counsel at trial or on direct appeal but believes he is now

---

[3] U.S.S.G. § 1B1.10(a)(2)(B) states as follows: <u>Exclusions</u>. –A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if–... (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

unable to afford counsel, movant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when a notice of appeal from the denial of the § 3582(c)(2) motion is filed.  The Clerk is DIRECTED to provide the movant with an application to proceed *in forma pauperis*.

      **DONE** this the   15th   day of August, 2008.

                                                          */s/ James H. Hancock*
                                        SENIOR UNITED STATES DISTRICT JUDGE